PARKER, Judge.
Nathan Lynn Jones appeals the trial court’s order denying his motion to enforce sentence. We affirm in part and reverse in part.
On August 15, 2000, Jones was resen-tenced in numerous cases pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). On May 29, 2001, Jones filed a “motion to enforce,” which the trial court treated as a motion filed pursuant to Florida Rule of Criminal Procedure 3.800. In that motion, Jones argued that the Department of Corrections was not properly awarding him gain time pursuant to the trial court’s order at his August 2000 resentencing and that the trial court had failed to resentence him pursuant to Heggs in case number 96-01090AXX. On June 13, 2001, the trial court entered an order denying Jones’s *284 motion on the gain time issue. The trial court’s order did not address Jones’s claim concerning Heggs resentencing in case number 96-01090AXX.
Jones appealed the trial court’s denial of his motion to this court. This court issued an opinion affirming the trial court’s order on the gain time issue, but remanding for the trial court to address Jones’s motion concerning the Heggs issue in case number 96-01090AXX. See Jones v. State, 805 So.2d 968 (Fla. 2d DCA 2001). On remand, the trial court entered an “order after remand” stating that it had already resentenced Jones pursuant to Heggs. The trial court also reaffirmed its denial of Jones’s motion as to the gain time issue. This “order on remand” resulted in this appeal.
We affirm the trial court’s order on the gain time issue because Jones is not entitled to successive review of a specific issue which has already been decided against him. Price v. State, 692 So.2d 971 (Fla. 2d DCA 1997). However, we reverse and remand to the trial court on the issue of sentencing in case number 96-01090AXX. While it is clear that the trial court resentenced Jones pursuant to Heggs in some cases, nothing in our record shows that Jones was ever resentenced pursuant to Heggs in case number 96-01090AXX. On remand, the trial court must either attach those portions of the record showing that Jones is not entitled to Heggs relief in case number 96-01090AXX or showing that Jones has already been resentenced pursuant to Heggs in that case.
Affirmed in part, reversed in part.
NORTHCUTT and STRINGER, JJ., Concur.